## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JIMMY I. DAVIS,                          DOCKET NUMBER
              Appellant,         NY-0752-22-0089-I-1

      v.

UNITED STATES POSTAL SERVICE,            DATE: April 17, 2024
              Agency.

# THIS ORDER IS NONPRECEDENTIAL[1]

Jimmy I. Davis, Newark, New Jersey, pro se.

Krista M. Irons, Esquire, St. Louis, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's chapter 75 removal action. For the reasons set forth herein, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the matter to the New York Field Office for further adjudication.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON REVIEW**

The appellant challenges the administrative judge's conclusions that (1) the agency proved its charge of "Violation of the Zero Tolerance Policy (Physical Altercation with a Co-worker on the Workroom Floor)" and (2) he failed to prove any of his affirmative defenses. Petition for Review (PFR) File, Tab 1 at 5, Tab 4 at 3; Initial Appeal File (IAF), Tab 6 at 10. The appellant also asserts that the penalty of removal was unreasonable under the circumstances and that the administrative judge failed to consider mitigating factors. PFR File, Tab 1 at 6. An initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and legal reasoning, as well as the authorities on which that reasoning rests. *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980); *see* 5 C.F.R. § 1201.111(b) (setting forth the regulatory requirements for initial decisions).

Here, we find that the initial decision did not comply with the requirements of *Spithaler*. For instance, the initial decision contained minimal discussion of witness testimony; instead, the administrative judge relied largely on unsworn written witness statements, reasoning that "all of [these statements indicated that] the appellant participate[d] in [a physical] altercation." IAF, Tab 38, Initial Decision at 4 (citing IAF, Tab 6 at 14-20). These cited statements, however, provided very different accounts of the events underlying the agency's charge; indeed, one statement indicated that the appellant had been the innocent victim of a physical assault, IAF, Tab 6 at 14, and another statement indicated that the appellant and the other employee had simply "collide[d]," *id.* at 17. Given the conflicts in these statements, the administrative judge erred in denying certain witnesses in an Order and Summary of Prehearing Conference based upon a finding that the testimony of such witnesses would be "duplicative." IAF Tab 23 at 3; *see* IAF Tab 21 (agency's initial witness list). Accordingly, we vacate the initial decision and remand the matter for a new adjudication.

When, as here, an appeal involves a dispute as to genuine issues of material fact, an appellant has a right to a hearing at which the administrative judge may observe the testimony of witnesses either in person or via videoconference. *See Robertson v. Department of Transportation*, 113 M.S.P.R. 16, ¶ 11 (2009). On remand, the administrative judge should inform the appellant of his right to an in-person or videoconference hearing and should hold a telephonic hearing only if the appellant requests one. *See Koehler v. Department of the Air Force*, 99 M.S.P.R. 82, ¶ 7 (2005) (explaining that an administrative judge may not order a telephonic hearing over an appellant's objection).

The appellant contends that the administrative judge was rude, biased, and exhibited egregious behavior during the adjudication of his appeal. PFR File, Tab 1 at 5-6. To support this contention, he provides a copy of a May 18, 2022 letter sent to the appellant by the Chief Administrative Judge of the Northeastern Regional Office and the New York Field Office acknowledging receipt of a complaint filed by the appellant regarding the administrative judge. *Id.* at 8; IAF, Tab 22 at 3. In this letter, the Chief Administrative Judge indicates, among other things, that he is "sorry that [the appellant feels that he was] treated with disrespect during [a] prehearing teleconference." PFR File, Tab 1 at 8. The record does not support a finding of bias on the part of the administrative judge, nor do we find any basis for recusal in this matter. *See Williams v. U.S. Postal Service*, 87 M.S.P.R. 313, ¶ 12 (2000) (explaining that the presumption of honesty and integrity that accompanies all administrative adjudicators can be overcome only by a substantial showing of personal bias). Nevertheless, we exercise our discretion under the particular circumstances of this case to reassign this matter to a new administrative judge for a new adjudication.[2] *See Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 20 (2002) (reassigning an appeal

---

[2] Further, because sufficient credibility determinations were not made in the first instance and we have ordered that a different administrative judge be assigned to this matter, a hearing de novo is required. *See Muzzipapa v. Department of Veterans Affairs*, 53 M.S.P.R. 53, 61 n.3 (1992).

to a new administrative judge on remand, recognizing that, although there was no showing of bias or impropriety, friction between the administrative judge and the appellants had developed throughout the adjudication of the matter).

**ORDER**

For the reasons discussed above, we vacate the initial decision and remand this case to a different administrative judge in the New York Field Office for a new adjudication in accordance with this Remand Order. On remand, the administrative judge assigned to the matter shall provide the parties with the opportunity to provide additional evidence and argument to support their respective positions, hold a hearing de novo, and issue a new initial decision on the merits of this appeal. The administrative judge shall also provide the appellant with proper notice of his burden of proof and the requirements to prove his affirmative defenses.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.